IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


**JULIE A. DOWNEY AND JAMES D.
DOWNEY,**

        Plaintiffs,

    vs.                           No. 1:11-CV-00587-MCA-KBM

**AMERICAN NATIONAL PROPERTY
AND CASUALTY COMPANY,
AMERICAN NATIONAL GENERAL
INSURANCE COMPANY, and
DENNIS ROSSI,**

        Defendants.


**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on *Plaintiffs' Motion to Amend Their

Complaint* [Doc. 57]. Having considered the submissions, the relevant case law, and

otherwise being fully advised in the premises, the Court denies Plaintiffs' motion.

**I.**     **BACKGROUND**

On May 27, 2011, Plaintiffs Julie A. Downey and James D. Downey filed their

*Verified Complaint for Declaratory Relief* [Doc. 1-1] against Defendants American

National Property and Casualty Company and American National General Insurance

Company (collectively, hereinafter referred to as "ANPAC"), as well as Defendant

Dennis Rossi, a licensed New Mexico agent and broker for ANPAC, in the First Judicial

District of the State of New Mexico. The *Verified Complaint* alleged that Mrs. Downey

"was involved in a violent motor vehicle accident" caused by an underinsured motorist on

February 8, 2007. [Doc. 1-1 at 9-10]  Although Plaintiffs had rejected

uninsured/underinsured motorist (UM) coverage in an amount equal to their bodily injury

and property damage liability limits, the *Verified Complaint* alleged that this rejection

was "void and ineffective" under the New Mexico Motorists Statute, NMSA 1978, § 66-

5-301 and recent New Mexico Supreme Court opinions.  [Doc. 1-1 at 12; Doc. 1-2 at 15]

Accordingly, Plaintiffs sought declaratory relief on behalf of themselves, and a class of

similarly situated individuals, including:

> All New Mexico policyholders to whom ANPAC issued an [Mandatory
> Financial Responsibility (MFRA)]/UM policy or renewal policy which was
> in force on or after December 12, 1990, where such policy or renewal
> policy provided less than equal limits UM coverage and ANPAC did not
> obtain a written rejection of the equal limits UM coverage in a form which
> also notified the policyholder of the premium prices for each limit of UM
> coverage available to them under the UM statute.

[Doc. 1-1 at 13] ANPAC removed the case to this Court pursuant to the Class Action

Fairness Act, 28 U.S.C. § 1332(d). [See Doc. 1]

On July 8, 2011, ANPAC filed a *Motion to Dismiss Plaintiffs' Claims Against*

*Defendants American National Property and Casualty Company and American National*

*General Insurance Company* [Doc. 12] for failure to state a claim under Fed. R. Civ. P.

12(b)(6).  Specifically, ANPAC contended that Plaintiffs' *Verified Complaint* "presents

no 'actual controversy'" because it does not "allege that ANPAC refused to reform

[Plaintiffs'] policy" in accordance with Jordan v. Allstate Ins. Co., 149 N.M. 162 (N.M.

2010) nor does it allege that Plaintiffs "have a UM/UIM claim under their ANPAC Policy

2

that ANPAC refused to handle consistent with <u>Jordan</u>." [Doc. 12 at 2]. Plaintiffs

responded that an actual controversy and an injury-in-fact existed in this case because

ANPAC had sold Plaintiffs an insurance policy that violated New Mexico law, Plaintiffs

were damaged by the inadequate insurance policy, and a favorable decision will redress

the harm in the form of actual damages for the Downeys and notice to the class members

regarding their rights under New Mexico law. [Doc. 25 at 3; Doc. 24 at 5]

On March 31, 2012, this Court filed a *Memorandum Opinion and Order* denying,

in relevant part, ANPAC's motion to dismiss.[1] [See Doc. 36] The Court explained its

holding as follows:

> Turning to the facts of this case, the Court concludes that a case or
> controversy existed at the time Plaintiffs filed their complaint.  According
> to Plaintiffs' complaint, Mrs. Downey was involved in a violent motor
> vehicle accident on February 8, 2007 with an underinsured motorist.  [Doc.
> 1-1 at 10-11]  "Mrs. Downey suffered serious permanent injuries to her
> temporomandibular joints, namely, chronic bilateral, cervico-facial pain
> dysfunction [MPD Syndrome], and bilateral, temporomandibular joint
> capsulitis, all directly related to the violent motor vehicle accident of
> February 8, 2007." [Doc. 1-1 at 11]  Although Plaintiffs had rejected UM
> coverage when they purchased their ANPAC policy, they filed the present
> declaratory judgment action seeking to declare their rejection "void and
> ineffective" under New Mexico law. [Doc. 1-1 at 13]  In support of their
> complaint, Plaintiffs attached a letter from ANPAC dated August 4, 2010,
> in which an ANPAC representative agreed to a proposed settlement with
> the underinsured motorist and stated that he did "not see an Underinsured
> Motorist Bodily Injury (UIMBI) exposure under Mrs. Downey's ANPAC
> New Mexico Automobile policy." [Doc. 1-2 at 19]  <u>See Smith v. United</u>

---

[1]The Court granted the *Motion to Dismiss Claims Against Defendant Rossi* [Doc. 13]
"because a declaratory judgment with respect to contract reformation will not redress the alleged
injuries caused by Rossi." [Doc. 36 at 42] The Court also denied *Plaintiffs' Motion to Remand
and Memorandum in Support* [Doc. 15], concluding that the Court had original jurisdiction over
Plaintiffs' complaint pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).

States, 561 F.3d 1090, 1098 (10th Cir. 2009) (noting that the court may consider documents and exhibits attached the complaint, so long as the parties do not dispute the documents' authenticity"). Based on the foregoing, the Court concludes that Plaintiffs had an identifiable specific claim for UM benefits under their ANPAC policy and that there was a disagreement about coverage.

[Doc. 36 at 33-34]

On May 8, 2012, ANPAC filed a *Motion for Reconsideration of Order Denying ANPAC's Motions to Dismiss* [Doc. 39]. ANPAC contended that the Court misapprehended the facts underlying the August 4, 2010 letter. Specifically, ANPAC contended that "[t]he August 4, 2010 letter that ANPAC sent to Mrs. Downey's attorney did not create an actual controversy over the amount of UIMBI coverage *limits* that Plaintiffs had under their policy post-*Jordan*, which is the crux of this case. Rather, the letter raised a question about the *value* of Mrs. Downey's alleged bodily injury and whether Mrs. Downey had a UIMBI *claim* at all." [Doc. 39 at 4 (emphasis in original)]

On March 29, 2013, the Court issued an *Amended Memorandum Opinion and Order* granting ANPAC's motion for reconsideration and agreeing with ANPAC that the August 4, 2010 letter failed "to support an inference that a case or controversy existed between Plaintiffs and ANPAC regarding the amount of Plaintiffs' UIMBI policy limits." [Doc. 89 at 12] After examining the facts alleged in Plaintiffs' *Verified Complaint for Declaratory Relief*, the Court concluded that Plaintiffs' complaint failed to allege a case or controversy regarding Plaintiffs' UIMBI policy limits and failed to state a claim under the New Mexico Insurance Trade Practices Frauds Act, NMSA, § 59A-16-30.

4

Accordingly, the Court dismissed the *Verified Complaint* without prejudice and granted

Plaintiffs an opportunity to allege additional facts in support of their *Verified Complaint*.

[Doc. 89 at 15] Specifically, the Court permitted Plaintiffs leave to file a motion to amend

their complaint within fourteen days of the issuance of the Court's *Amended*

*Memorandum Opinion and Order*. In doing so, the Court recognized that:

> Plaintiff's Motion to Amend Their Complaint [Doc. 57], filed November 6,
> 2012, remains a viable pending motion to be decided by the Court.  In
> briefing a Motion to Amend authorized by this Amended Memorandum
> Opinion and Order, the parties may incorporate by reference their
> arguments in support of, and in opposition to, the proposed amendment set
> out in the preceding Motion to Amend [Doc. 57] filed November 6, 2012.

[Doc. 89 at 15 n.2]

Plaintiffs did not file a second motion to amend their *Verified Complaint* in

response to the Court's *Amended Memorandum Opinion and Order*.  Instead, Plaintiffs

rely upon their November 6, 2012 Motion to Amend Their Complaint, as permitted by the

Court's *Amended Memorandum Opinion and Order*.

Plaintiffs' November 6, 2012 Motion to Amend Their Complaint abandons

Plaintiffs' claims under the New Mexico Insurance Trade Practices Frauds Act, NMSA

§§ 59A-16-3 and 19-15-4.  In lieu of these claims, Plaintiffs seek to assert, on behalf of

themselves and the putative class members, claims for violations of the New Mexico

Unfair Practices Act ("UPA"), NMSA 1978, §57-12-1, *et seq.*  Specifically, the proposed

amended complaint alleges that ANPAC's use of allegedly unfair and deceptive UM

Selection/Rejection Sales Forms, since at least May 20, 2004, violates the UPA and

seeks, *inter alia*, statutory damages under Section 57-12-2(D)(14) and/or Section 57-12-

2(E)(1) on behalf of the Plaintiffs and the proposed class. [Doc. 57-2 at 37]  Additionally,

Plaintiffs seek to amend the definition of the class to include:

> Every past or present ANPAC policyholder to whom ANPAC issued an
> MFRA policy in New Mexico after May 20, 2004 and used any of the
> deceptively formatted and incomplete UM Selection/Rejection Sales Forms
> identified herein in connection with any sale of ANPAC UM coverage
> transacted in New Mexico between May 20, 2004 and present.
>
> Expressly excluded from the Plaintiffs Class are any ANPAC policyholders
> who filed any lawsuit prior to the date of filing of the original Complaint
> herein asserting individual claims for damages under Section 57-12-10
> under allegations that ANPAC committed any unfair, deceptive and/or
> unconscionable trade practice arising out of, or in any way connected to, the
> use of any of its UM Selection/Rejection Sales Forms in connection with
> any sale of UM coverage transacted in New Mexico after May 20, 2004.
>
> Expressly excluded from the Plaintiffs Class is any person who was after
> May 20, 2004, or is as of the date of the filing of this Class Complaint,
> licensed and authorized to act as an ANPAC New Mexico insurance sales
> agent [or subagent] and who is actively engaged in the sale of ANPAC
> MFRA policies to New Mexico residents at any time after May 20, 2004.
> Also expressly excluded from the Plaintiffs Class is every other person who
> is/was employed or engaged by ANPAC, directly or indirectly, between
> May 20, 2004 and the date of the filing of the Class Complaint, as any
> executive, officer, supervisor, manager, adjuster, independent adjuster,
> agent, independent contractor, lawyer, paralegal or any employee of any
> ANPAC New Mexico insurance sales agent, or in any other capacity acting
> for ANPAC benefit or on its behalf.

[Doc. 57-2 at 30]  ANPAC opposes Plaintiffs' motion to amend contending that: (1)

Plaintiffs' UPA claims are barred by the statute of limitations and the UPA precludes a

class action for statutory damages; (2) "Plaintiffs' significant proposed amendment,

which adds more than two hundred paragraphs of allegations to the initial Complaint, is

untimely and should not be allowed where Plaintiffs have no explanation for their undue

delay in seeking leave to amend"; and (3) ANPAC would be unduly prejudiced if the

Court were to grant Plaintiffs motion. [Doc. 62 at 1-2]

## II.    STANDARD

Fed. R. Civ. P. 15(a)(2) provides that, after the service of a responsive pleading, "a

party may amend its pleading only with the opposing party's written consent or the

court's leave.  The Court should freely give leave when justice so requires."  It is within

the Court's discretion, however, to deny leave to amend a pleading under Fed. R. Civ. P.

15(a) based upon a justifying reason such as "undue delay, bad faith or dilatory motive on

the part of the movant, repeated failure to cure deficiencies by amendments previously

allowed, undue prejudice to the opposing party by virtue of allowance of the amendment

[and] futility of amendment."  Foman v. Davis, 371 U.S. 178, 182 (1962).

> It is well settled in this circuit that untimeliness alone is a sufficient reason
> to deny leave to amend, . . . especially when the party filing the motion has
> no adequate explanation for the delay . . . . Furthermore, [w]here the party
> seeking amendment knows or should have known of the facts upon which
> the proposed amendment is based but fails to include them in the original
> complaint, the motion to amend is subject to denial.

Frank v. U.S. West, Inc., 3 F.3d 1357, 1365-66 (10th Cir. 1993) (internal quotation marks

and citations omitted); see Ishoo v. Bd. of Regents of Univ. of New Mexico, No. 6:06-cv-

747 MCA/ACT, Doc. 137 (D.N.M. March 30, 2009) (denying Plaintiffs' motion to

amend because "there has been undue delay in seeking to amend, and . . . Plaintiff has not

offered [an] adequate reason for the delay").  Additionally,

> [c]ourts will properly deny a motion to amend when it appears that the
> plaintiff is using Rule 15 to make the complaint a moving target, . . . to
> salvage a lost case by untimely suggestion of new theories of recovery, . . .
> to present theories seriatim in an effort to avoid dismissal . . . or to
> knowingly delay[ ] raising [an] issue until the eve of trial . . . .

Minter v. Prime Equipment Co., 451 F.3d 1196, 1206 (10th Cir. 2006) (internal quotation

marks and citations omitted).

## III.   DISCUSSION

Pursuant to the parties' *Joint Status Report and Provisional Discovery Plan* [Doc.

40], which was adopted by the Court [Doc. 48], Plaintiffs had until July 1, 2012 to move

to amend their complaint.  Despite this deadline, Plaintiffs did not file the present motion

to amend the complaint until November 6, 2012.  Accordingly, the Court concludes that

Plaintiffs' motion to amend the complaint is untimely.

Plaintiffs contend, however, that the delay in filing their motion was justified by

the evolution of the law governing their UPA claim over the past eighteen months.

Specifically, Plaintiffs contend that

> [t]he legal claims sought to be added in the Amended Complaint are new
> legal claims that have evolved over the course of the past eighteen months
> as plaintiffs in New Mexico have sought to implement and understand the
> contours of the New Mexico Supreme Court's mandate in Jordan v. Allstate
> Ins. Co., 2010-NMSC-051, 149 N.M. 162, 245 P.3d 1214 and Progressive
> Northwestern Ins. Co. v. Weed Warrior Services, 2010-NMSC-050, 149
> N.M. 157, 245 P.3d 1209.

[Doc. 65 at 3]  However, Plaintiffs fail to cite any case law documenting the evolution of

the law governing their UPA claim and the Court is aware of none.  Accordingly,

Plaintiffs argument regarding the justification for their delay is rejected.

8

Moreover, the Court concludes that ANPAC's defense would be prejudiced by permitting a significant and substantive amendment of the complaint at this late stage of the proceedings.  Plaintiffs' proposed amended complaint abandons its prior statutory claims and its prior definition of the proposed class and seeks to assert new statutory claims on behalf of Plaintiffs and a new proposed class.  As ANPAC points out in its response, "Plaintiffs' Amended Complaint expands the initial complaint from 62 paragraphs of allegations to 276 paragraphs of allegations, and in doing so, raises an entirely new theory of relief under the UPA." [Doc. 62 at 9] Plaintiffs' new theory of relief would require a "significant" amount of "new discovery," but the deadline for the completion of discovery expired on February 25, 2013 and this case is now ready for trial. [Doc. 82]  The Court concludes that ANPAC would be prejudiced by the additional time and expense associated with reopening discovery and delaying the trial.  See Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996) (holding that the trial court properly denied the plaintiff's "request that he be allowed to add an entirely new and different claim to his suit little more than two months before trial").

**IT IS THEREFORE HEREBY ORDERED** that *Plaintiffs' Motion to Amend their Complaint* [Doc. 57] is **DENIED**.

**SO ORDERED** this 21st day of August, 2013 in Albuquerque, New Mexico.

M. CHRISTINA ARMIJO
Chief United States District Judge

9